UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RICHARD ROBINSON,**

    *Plaintiff*,

v.                                                                    Case No. 5:24-CV-01347-JKP

**BANK OF AMERICA, N.A.,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Richard Robinson's ("Robinson") Motion to Remand. *ECF No. 9*. Defendant Bank of America, N.A., filed a Response. *ECF No. 11*. Robinson did not file a Reply. Upon consideration, the Court concludes Robinson's Motion to Remand shall be GRANTED.

## BACKGROUND

Plaintiff originally filed this action on September 19, 2024, in the County Court at Law No. 10 of Bexar County, Texas, seeking damages under the Texas Deceptive Trade Practices Act ("DTPA"), Texas Business and Commerce Code § 17.41 *et seq*. *ECF No. 1-2*.

In his Petition, Plaintiff alleges his Bank of America account was compromised by hackers who withdrew tens of thousands of dollars. *Id. at 3*. After his account was compromised, Plaintiff further alleges Defendant withdrew his access and "allowed third parties access to drain his account while it was frozen." *Id. at 3*. Plaintiff seeks recovery under the DTPA for economic damages, mental anguish damages, "DTPA damages," attorney's fees, pre-judgment interest, costs of suit, and post-judgment interest. *Id. at 4–5*.

Defendant filed a Notice of Removal on November 22, 2024, asserting this case may be properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See ECF No. 1*. In its Notice of Removal, Defendant argues the Court has diversity jurisdiction over this case because the parties are of diverse citizenship and the amount in controversy is above $75,000. *Id. at 3–4*.

Plaintiff filed a Motion to Remand on December 10, 2024, contending the jurisdictional minimum cannot be met because his damages are "around $65,000." *ECF No. 9 at 1*. In support of his argument, Plaintiff offers his Affidavit. *Id. at 5–6*. In the Affidavit, Plaintiff attests "[a]ll I am seeking in this case is to be made whole [by] my $21,000.00 trebled." *Id. at 6*. Defendant filed a Response on December 12, 2024, opposing Plaintiff's Motion. *ECF No. 11*.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having only the power authorized them by Congress under Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Under 28 U.S.C. § 1441(a), a civil action filed in a state court is removable to a federal court if the federal court has original jurisdiction, meaning the action could have been originally filed in federal court. *Caterpillar v. Williams*, 482 U.S. 386, 391–92 (1987). For removal to be proper, jurisdictional facts supporting removal must be present at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Jurisdiction is therefore determined at the time suit is filed. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

The party removing the case to federal court bears a heavy burden. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The removing party must show federal jurisdiction exists and removal was proper. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.

1995), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47. Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). As such, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal courts have subject matter jurisdiction for civil actions involving a federal legal question or diverse parties. 28 U.S.C. §§ 1331, 1332. The latter, diversity jurisdiction, requires the case have an amount in controversy to exceed "$75,000, exclusive of interest and costs, and [be] between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). When a defendant removes a case to federal court, it has the burden of demonstrating removal is appropriate because the court has federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar*, 47 F.3d at 1408).

The defendant must establish the amount in controversy by a preponderance of the evidence if the petition does not contain a specific monetary demand. *Id*. (citing *De Aguilar*, 47 F.3d at 1412). The Court must assess whether "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant" has given enough "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[1] This analysis "is not a burden-shifting exercise[;]" indeed, the "plaintiff must make all information known at the time he files the complaint." *De Aguilar*, 47 F.3d at 1412. If the defendant can show the amount in controversy requirement is met, then "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Id*. (cleaned up).

---

[1] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (first citing *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); then citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); and then citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

## ANALYSIS

This case involves a question of diversity jurisdiction, which requires complete diversity of citizenship among the parties and an amount in controversy above $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). There is no dispute complete diversity of citizenship exists in this case. Plaintiff is a citizen of Texas and Defendant is a citizen of North Carolina. *See ECF No. 1*. Accordingly, the issue before the Undersigned is whether the amount in controversy requirement is satisfied.

The original complaint must include all information plaintiff knows at the time of filing the petition. *De Aguilar*, 47 F.3d at 1412. "Where the plaintiff has alleged [in the complaint] a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283 (1938)). However, if the plaintiff does not allege a specific amount in the petition, then the court will engage in the two-part analysis. *See Manguno*, 276 F.3d at 723.

In this case, Plaintiff's Petition does not allege a specific damages amount. It only alleges:

a. economic damages in the amount of not less than an amount within the jurisdictional limits of this Court will make Plaintiff whole;

b. mental anguish damages in the amount of an amount within the jurisdictional limits of this Court will make Plaintiff whole;

c. DTPA damages in the amount of "not less than" the maximum amount permitted by applicable law based on the allegation of actual damages above, as pleaded more specifically above;

d. reasonable and necessary attorney fees from trial to appeal to the Texas Supreme Court;

e. pre-judgment interest at the maximum rate of interest permitted by law;

f. costs of suit;

  g. post-judgment interest, at the legal rate; and

  i. any other relief to which plaintiff may be entitled to under equity and law.

*ECF No. 1-2 at 4–5*. Therefore, because Plaintiff does not allege a specific amount in his Petition, there are two inquiries: (1) is it facially apparent from the complaint that the jurisdictional minimum is met; or (2) have the Defendants provided enough "summary judgment type evidence" of the controverted facts to show the jurisdictional minimum is met? *Manguno*, 276 F.3d at 723.

  A. **Whether the Amount in Controversy is Facially Apparent from the Complaint**

  In Texas—where courts may award higher damages than are requested in a complaint— "[l]itigants who want to prevent removal must file a binding stipulation or affidavit [about anticipated damages] with their complaints[.]" *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 720 (E.D. Tex. 2017) (citing *De Aguillar*, 47 F.3d at 1412). After removal, later-filed affidavits regarding the amount in controversy are immaterial unless "the basis for jurisdiction is ambiguous at the time of removal." *Theriot*, 354 F. Supp. 3d at 720 (citations omitted); *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

  Courts do not consider plaintiffs' post-removal affidavits outside of this exception to prevent "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar*, 47 F.3d at 1410; *see also Manguno*, 276 F.3d at 724 (same); *Theriot*, 354 F. Supp. 3d at

720 (citations omitted) ("[T]he plaintiff cannot normally avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum.").

Here, because it is not facially apparent Plaintiff's claimed damages reach the jurisdictional minimum of $75,000, the Court looks to Plaintiff's post-removal Affidavit to demonstrate whether there is a basis for jurisdiction. *ANPAC*, 988 F.2d at 556 (plaintiff's affidavit can be considered in order to "clarify a petition that previously left the jurisdictional question ambiguous."); *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993). In the Affidavit, Plaintiff attests "[a]ll I am seeking in this case is to be made whole [by] my $21,000.00 trebled." *Id. at 6*. The Court notes a trebling of Plaintiff's economic damages would result in a recovery of $63,000. *See Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 241–242 (Tex.1985). (to calculate treble damages under the DTPA, courts should simply multiply the economic damages awarded by three, rather than multiplying the economic damages by three to calculate a punitive damages measure and then adding back in the economic damages, which would result in a quadrupling of the economic damages).

Plaintiff's Affidavit provides limited clarification of the jurisdictional question, however, because the Affidavit is silent as to the amount of attorney's fees he is requesting. If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Manguno*, 276 F.3d at 723. Attorney's fees are available under the DTPA, and therefore are also included in the amount in controversy. *Theriot*, 354 F. Supp. 3d at 713. Thus, the Court considers whether the evidence, if any, Defendant submitted supports a finding of the requisite amount in controversy.

    **B.**    **Whether the Defendant Has Proved the Jurisdictional Minimum**

If the face of the complaint does not show the jurisdictional minimum, the court must consider whether defendant has supported federal jurisdiction by a preponderance of the evidence. *Allen*, 63 F.3d at 1335 (citations omitted). The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes the actual amount in controversy exceeds $75,000. *De Aguilar*, 47 F.3d at 1412.

In this case, Defendant argues:

> Plaintiff's initial state-court pleading unambiguously alleged that he was seeking damages above the jurisdictional threshold of $75,000.00. In particular, Plaintiff expressly sought "DTPA damages in the amount of 'not less than' the maximum amount permitted by applicable law …." (Dkt. #1-2 at pg. 5.) Under Texas law, that specific amount—"'not less than' the maximum amount permitted by applicable law"—is $250,000.00. Tex Gov't Code § 25.003(c)(1) (establishing a jurisdictional maximum of $250,000.00); Tex Gov't Code § 25.0171 (identifying the statutory county courts at law of Bexar County). In sum, Plaintiff's initial pleading sought $250,000.00, which is plainly above the $75,000.00 jurisdictional threshold for removal.

*ECF No. 11 at 1–2*. However, Defendant is not reciting the full text of Plaintiff's Petition. In Plaintiff's Petition, Plaintiff alleges:

> DTPA damages in the amount of "not less than" the maximum amount permitted by applicable law **based on the allegation of actual damages above, as pleaded more specifically above**.

*ECF No. 1-2 at 5* (emphasis added). This is a reference to Paragraphs 12–13 of Plaintiff's Petition. *Id. at 4*. In Paragraphs 12–13, Plaintiff does not cite to the Texas Government Code but to the DTPA and discusses "Treble Economic Damages" and "Treble Actual Damages." *Id. at 4*. Plaintiff's statement "the maximum amount permitted by applicable law" appears then to be the "total of not more than three times [the] actual damages" that may be awarded under the DTPA when a trier of fact finds the conduct of the defendant was committed knowingly or intentionally. *Id.*; *see also* Tex. Bus. & Com. Code §§ 17.50(b)(1), 17.50(h). Therefore, in reading Plain-

7

tiff's Petition as a whole, it does not appear Plaintiff is invoking the statutory limit for Texas county courts found in Texas Government Code § 25.0003(c)(1), as Defendant suggests.

While Plaintiff's Petition and Affidavit fail to provide a complete factual basis regarding his damages, Defendant does not provide any additional evidence of the amount in controversy for the Court to consider. Defendant, as the removing party seeking to invoke federal jurisdiction, must show by a preponderance of the evidence that more likely than not the amount of Plaintiff's claim will exceed $75,000. Defendant fails to do so here.

Ultimately, any doubts as to the suitability of removal are resolved in favor of remanding the case. *Acuna*, 200 F.3d at 339 (citation omitted). Therefore, remand is proper in this case because Defendant's' evidence of the Court's jurisdiction is deficient. *Manguno*, 276 F.3d at 723; *Acuna*, 200 F.3d at 339; see *Allen*, 63 F.3d at 1336.

## CONCLUSION

Having considered the Motion, the record, and the relevant law, Robinson's Motion to Remand, (*ECF No. 9*), is **GRANTED**.

Accordingly, it is **ORDERED** this case be **REMANDED** to state court. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**. The Clerk of Court shall affect the remand according to the usual procedure and close this case.

It is so ORDERED.
SIGNED this 18th day of March, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

8